# IN THE COURT OF APPEALS OF IOWA

No. 23-0075
Filed December 20, 2023

**ANNA C. PHAM,**
    Plaintiff-Appellee,

**vs.**

**JUSTICE B. JACKSON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, Judge.

A father appeals the district court's partial denial of his petition to modify the parties' custody order. **AFFIRMED.**

Karmen R. Anderson of Anderson & Taylor, PLLC, Des Moines, for appellant.

Anna Pham, Ankeny, self-represented appellee.

Considered by Bower, C.J., and Schumacher and Langholz, JJ.

**BOWER, Chief Judge.**

Justice Jackson appeals the district court's order partially denying his petition to modify the custody order between himself and Anna Pham involving their child born in 2012.[1]  Jackson claims the court "erred in not awarding shared care or in the alternative expanding visitation."[2]

In 2018, the district court entered a custody order approving the parties' mediation agreement awarding Pham sole legal custody and physical care of their child and allowing Jackson visitation every other Saturday and Sunday 8:00 a.m. to 4:00 p.m.  Shortly after the order was entered, the parties voluntarily agreed Jackson would have visitation with the child every other weekend from Friday at 4:00 p.m. to Sunday at 4:00 p.m.

In December 2021, Jackson filed a petition for modification, alleging a substantial change in circumstances had occurred as Pham's husband had requested a no-contact order against her and the child had "primarily resided" with Jackson "due to [Pham's] housing situation."  Jackson also claimed there was a substantial change in circumstances as both parties had changed employment. He requested the court order joint legal custody and shared physical care with an "every-other-week" schedule.

---

[1] The parties had a brief relationship that lasted less than two months; the child was conceived during that time.

[2] Jackson's appeal was filed in January 2023, and this case was transferred to our court in October.  Pham did not file a timely brief on appeal.  On November 14, Pham filed a "response to appeal & notice of nonoral submission" requesting time to file a written response or "speak . . . orally" to the court about the child "and what is best for her."  This court denied Pham's motion on November 15, 2023.

At trial in September 2022, Jackson's testimony focused on his current living situation with his wife and his twenty-year-old daughter. He testified about his "normal father/daughter relationship" with the child, as well as the child's positive interactions with his wife and older children. Jackson was a hospital IT administrator, working forty hours per week, plus "between fifteen to twenty hours" overtime. But he stated he would shorten his hours during the weeks he had the child if the court modified the physical-care arrangement.

Jackson also pointed to the tumultuous end of Pham's marriage to her husband of more than twenty years, during which Pham "was removed from the house" and the child stayed with Jackson "for about a month." He acknowledged, however, during that time Pham "would pick [the child] up in the mornings and take her to school and then pick her up from school and drop her off." Jackson stated he asked Pham about doing "a week-to-week schedule," but there was a "breakdown in that communication and no agreement" was made. In November 2021, Pham obtained housing, and the parties resumed their normal parenting schedule. The parties agreed Pham had always taken the child to and from school, been the only parent to attend the child's school conferences, taken the child to medical and dental appointments, signed the child up for activities (including but not limited to competitive gymnastics and piano and voice lessons), and paid the expenses related to the child's activities.[3]

Pham admitted her ex-husband made her leave their home during their divorce and a protective order was issued against her. But she testified her ex-

---

[3] Pham testified she "always forwarded emails" to Jackson relating to the child's activities.

husband requested the order be dismissed when their divorce was finalized, less than two months later. Pham explained that during that time she asked Jackson to allow the child to stay with him for about one month but she was still "seeing [the child] every day." Pham acknowledged she had been part of a "mass layoff," but she was starting a full-time position as a grant writer and she also worked some shifts at a local restaurant. Pham believed "it's in the best interest of [the child] to be under my care with the same time allotment that we have right now." As Pham explained, "[S]he's gone through a lot, so I just am trying to keep it stable for her. I've taken care of her [for her] whole life. I've done and paid for . . . everything. I just feel it's in her best interests."

The district court granted Jackson's modification petition regarding his request for joint legal custody, noting it "heard no testimony and received no other evidence suggesting that joint legal custody is unreasonable and not in [the child]'s best interests." Regarding physical care, the court determined the order should be modified to reflect the schedule "the parties have voluntarily adhered to," which was "in excess of the time allotted to [Jackson] in the [order]." But the court denied Jackson's request for shared physical care, finding:

> Shared physical care with [the child] is not appropriate in this case, as apart from the few weeks in the fall of 2021, [Jackson] has never acted in the role of a custodial parent. He and [Pham] were only in a relationship for a month and a half around the time of [the child]'s conception. As noted above, [Jackson]'s role with [the child] since her birth ten years ago has become well defined. The court heard no evidence indicating that a change in the parent's roles at this time would be in [the child]'s best interests.

Upon our de novo review of the record, we agree with the district court's decision to deny Jackson's request for shared physical care or expanded visitation.

*See In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016) (setting forth the standard of review). Even considering the evidence presented of Pham's brief period of instability during the pendency of her divorce, Jackson has not met his burden to show a substantial and material change in circumstances warranting modification of the parties' physical-care arrangement. *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983) (setting forth the legal framework for determining whether to modify physical care); *see also Harris*, 877 N.W.2d at 440 (noting "[t]he party seeking to modify . . . faces a heavy burden"). Given Jackson's unsuccessful appeal, we deny his request for an award of appellate attorney fees. *See McCullough v. Cornette*, No. 20-1211, 2021 WL 1399746, at *3 (Iowa Ct. App. Apr. 14, 2021) ("Iowa Code section 600B.26 [(2021)] permits our court to award reasonable attorney fees to the prevailing party."). We affirm the district court's order.

**AFFIRMED.**